EFFRON, Judge
(concurring in part and in the result):
I agree with the lead opinion with respect to the admissibility of the testimony of BT and Dr. Carrie Rogers. I write separately regarding the lead opinion’s conclusion that the testimony of Investigator Tracy BassCaine was admissible under the residual hearsay exception, Military Rule of Evidence 807 [hereinafter M.R.E.].
As our Court noted in United States v. Kelley, 45 M.J. 275 (C.A.A.F.1996), the legislative history of the residual hearsay exception indicates that the exception should be used “very rarely, and only in exceptional circumstances.” Id. at 280 (citations and internal quotations omitted). The express exceptions to the hearsay rule are tightly drawn and are limited to circumstances that offer assurance of reliability. M.R.E. 807 requires that the circumstances of the making of a statement offered under the residual exception provide the same degree of assurance of reliability as is found under the specific exceptions.
*490 The present case involves hearsay testimony by Investigator Bass-Caine about the results of her interview with J, the 3-year-old victim. In the few hours that preceded the interview, J heard her mother engage in five emotionally charged conversations in which her mother recounted details of the incident to her sister, her best friend, an acquaintance of her friend who was a deputy sheriff, Appellant’s girlfriend, and a police officer. J was so distraught during her mother’s interchange with Appellant’s girlfriend that she covered her ears with her hands and cried while the two women yelled and cursed at each other.
The repeated, emotional recounting of the details by the mother — a person who would have the trust and confidence of the child— created a substantial risk of reinforcing the mother’s description of the events in the mind of this 3-year old, as distinct from her own recollection of the events. Under these circumstances, there is a significant risk that J’s responses to Investigator Bass-Caine involved an unreliable regurgitation of the mother’s recitation rather than her own recollection.
The risk was not ameliorated in this case by evidence that would offer any objective assurance as to how the interview was conducted. This is particularly important in view of the degree of skepticism applicable when statements are sought by, and made to, police investigators. See, e.g., United States v. Ureta, 44 M.J. 290, 296 (C.A.A.F.1995). In the present case, the questioning of J was undertaken by the investigator in private, with no video or audio recording or other means of assessing the details of the interview.
Under the circumstances of the case, this hearsay testimony does not present the type of special circumstance demonstrating guarantees of trustworthiness equivalent to the enumerated hearsay exceptions. Nonetheless, in view of the admissibility of the balance of the evidence against Appellant, any error in admitting Investigator Bass-Caine’s testimony was harmless.